*302 OPINION.
McMahon:
The sole issue presented by these proceedings is whether the beneficiaries of a trust are entitled to deductions for depletion because of iron ore removed from properties forming a part of the trust corpus.
The principle is well established by decisions of this Board and the Circuit Courts that beneficiaries of a trust are not entitled to *303 reduce their distributive share of trust income because of depletion or depreciation of the trust corpus. Detroit Trust Co. et al., Executors, 16 B. T. A. 207; George Snyder Crilly et al., 15 B. T. A. 642; Gilbert B. Goff, 18 B. T. A. 283; Rita M. Kohler White et al., 23 B. T. A. 391; Baltzell v. Mitchell, 3 Fed. (2d) 428; certiorari denied, 268 U. S. 690; Whitcomb v. Blair, 25 Fed. (2d) 528; affirming Louis P. V. Whitcomb et al., 4 B. T. A. 80; Abell v. Tail, 30 Fed. (2d) 54; Hubbell v. Burnet, 46 Fed. (2d) 446; affirming F. C. Hubbell et al., 14 B. T. A. 1040; Roxburghe v. United States, 64 Ct. Cls. 223; sections 214 (a) (10) and 234 (a) (9) of the Revenue Act of 1921; sections 214 (a) (9) and 234 (a) (8) of the Revenue Acts of 1924 and 1926; and section 215 (b) of the Revenue Acts of 1921, 1924, and 1926.
The petitioners base their claims for depletion deductions upon the decision of the Circuit Court for the Second Circuit in Merle-Smith v. Commissioner, 42 Fed. (2d) 837, overruling our decisions in Kate Fowler Merle-Smith, 11 B. T. A. 254, and Margaret B. Fowler, 11 B. T. A. 265. This Circuit Court decision was considered by the Board in the Rita M. Kohler White case, supra, in determining that the petitioners therein, who were beneficiaries of a testamentary trust, were not entitled to depreciation deductions because there was no provision in the will authorizing the trustees to retain a portion of the income to replace wasting assets. The distinction between this Circuit Court case and the Board case is that in the former the beneficiaries had an interest in the trust corpus as remaindermen, whereas in the latter, the beneficiaries had an interest only ,in the income.
In the instant case, as in the White case, the beneficiaries had no remainder interest in the trust corpus, because under the terms of the trust deed the trustees, upon the termination of the trust, were to convey back to the grantor corporation any remaining assets in the corpus.
The petitioners also contend that the trustees were merely agents of the beneficiaries in administering the trust and paying over the proceeds. This argument is rebutted by the trust instrument, which in clear and unambiguous terms creates the trust, names the trustees, specifies in detail their duties, powers, and authority, and provides for the distribution of the proceeds to the beneficiaries in accordance with their respective interests.
In view of the foregoing discussion and the authorities cited we approve the action of the respondent.
Reviewed by the Board.

Judgment will be entered for the respondent.